UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

MICHAEL A. SAVINO, JR.,

    Plaintiff,

v.

DYNAMIC RECOVERY SOLUTIONS, LLC,

    Defendant.

_____/

# COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and because Dynamic sent a letter into this District.

## PARTIES

3.    Plaintiff, MICHAEL A. SAVINO, JR., is a natural person and a citizen of the State of Florida, residing in Broward County, Florida.

4.    Defendant, DYNAMIC RECOVERY SOLUTIONS, LLC, ("Dynamic") is a limited liability company formed under the laws of the State of South Carolina with its

principal place of business at Suite 6, 135 Interstate Boulevard Greenville, South Carolina 29615.

5. Dynamic is a citizen of the State of South Carolina.

6. Dynamic is registered with the Florida Department of State, Division of Corporations as a foreign limited liability company. Its registered agent for service of process is NRAI Services, Inc., 1200 South Pine Island Road, Plantation, Florida 33324.

7. Dynamic is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Dynamic regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

9. Dynamic regularly collects or attempts to collect debts for other parties.

10. Dynamic is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a debt with First Premier Bank for a credit card Plaintiff used for his own personal, family and household purposes ("the alleged debt").

12. Plaintiff's agreement with First Premier Bank requires the payment of interest.

13. No one has ever informed Plaintiff that his agreement with First Premier Bank has been amended to end the requirement of payment of interest.

14. Plaintiff failed to pay alleged debt.

15. In 2014, First Premier Bank reported Plaintiff's alleged debt as "charged off".

16. By 2014, Plaintiff's debt was in default.

17. Thereafter, First Premier Bank retained Dynamic for the purpose of collecting the alleged debt.

18. On or about November 13, 2017, Dynamic mailed a letter to Plaintiff regarding the alleged debt ("the letter"), attached as Exhibit "A".

19. Plaintiff received the letter sometime thereafter.

20. The letter was the first communication Plaintiff received from Dynamic regarding the alleged debt.

21. The letter contains disclosures required by 15 U.S.C. §1692g.

22. The disclosures contained in the letter are required only in an initial communication with a consumer regarding an alleged debt.

23. Because the letter contains disclosures required only in an initial communication and because it was the first letter Plaintiff received from Dynamic, Plaintiff alleges that the letter was the first communication Dynamic sent to Plaintiff regarding the alleged debt.

24. The letter states "Current Balance $732.40."

25. The letter is silent on the issue of interest.

26. Plaintiff's agreement with First Premier Bank requires the payment of interest.

27. No one has ever informed Plaintiff that his agreement with First Premier Bank has been amended to end the requirement of payment of interest.

28. The letter makes a settlement offer requiring payment of $402.82 by December 28, 2017.

29. The letter makes a separate settlement offer for $439.44 which requires an initial payment by December 28, 2017.

30. Plaintiff was not financially able to make either of the discounted payments by December 28, 2017.

31. The letter does not inform Plaintiff that First Premier Bank has amended its agreement with Plaintiff to end the requirement of the payment of interest.

32. Even if First Premier Bank has decided to forego interest, Plaintiff's obligation to pay interest as required by his agreement is not changed.

33. First Premier Bank has the right to sell the alleged debt to a debt buyer who could then seek to enforce all terms of the agreement including the payment of interest.

34. Defendant's obligation to inform Plaintiff of the amount of the debt as required by 15 U.S.C. §1692g is not an invitation to negotiation, nor is the requirement excused by a settlement offer for quick payment.

35. It is an unavoidable obligation of Defendant to state the amount of the debt notwithstanding its desire for quick settlement on a discounted basis requiring payments that many debtors cannot take advantage of due to the lack of present funds, a circumstance that led them into collections in the first place.

36. The Second Circuit has held:

> We hold that a debt collector will not be subject to liability under Section 1692e for failing to disclose that the consumer's balance may increase due to interest and fees if the collection notice either accurately informs the

consumer that the amount of the debt stated in the letter will increase over time, or clearly states that the holder of the debt will accept payment of the amount set forth in full satisfaction of the debt if payment is made by a specified date.

*Avila v. Riexinger & Assocs., LLC,* 817 F.3d 72 * (2d Cir. N.Y. Mar. 22, 2016)

37. The "amount set forth" referred to in the *Avila* decision is the total amount of the debt as required by 15 U.S.C. §1692g not a separate discounted amount for quick payment.

38. Defendant did not disclose in the letter if First Premier Bank would accept $732.40 as full payment of the debt at any time, leaving Plaintiff to guess as to the amount of the debt.

39. One court in this district has agreed with the rationale of *Avila,* holding in a case based upon a similar letter:

> Based on the wording of the Collection Letters, if Plaintiff were to remit the "account balance" shown on the Letters, she would [*10] not know whether she had paid the debt in full. Thus, Plaintiff has adequately alleged a violation of § 1692e.

*Pimentel v. Nationwide Credit, Inc.*, 2017 U.S. Dist. LEXIS 188068 * (S.D. Fla. Nov. 9, 2017)

40. Notwithstanding Defendant's settlement offers for quick payment, Plaintiff is now in the same position as the debtor in *Pimentel*. If he pays the $732.40 now, he cannot know if he has paid the debt in full.

41. The representations of debt collectors are governed by the "least sophisticated consumer" standard. See *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985) (holding that, "because we believe that the FDCPA's purpose of protecting consumers is best served by a definition of deceive that looks to the tendency

5

of language to mislead the least sophisticated recipients of a debt collector's letters and telephone calls, we adopt the [] standard of least sophisticated consumer…" (internal quotations and citations omitted).

42. Dynamic deceptively and misleadingly stated the amount of the alleged debt.

## COUNT I
## DECEPTIVE AND MISLEADING STATEMENT OF THE AMOUNT OF THE DEBT

43. Plaintiff incorporates Paragraphs 1 through 42.

44. Dynamic's letter deceptively and misleadingly states the amount of the alleged debt by failing to disclose if $732.40 is the total amount of the debt or just the balance as of the day Defendant sent the letter.

. WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

                      DONALD A. YARBROUGH, ESQ.
                      Attorney for Plaintiff
                      Post Office Box 11842
                      Ft. Lauderdale, FL 33339
                      Telephone: 954-537-2000
                      Facsimile: 954-566-2235
                      don@donyarbrough.com

By: <u>s/ Donald A. Yarbrough</u>
    Donald A. Yarbrough, Esq.
    Florida Bar No. 0158658